**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DR. MARCO BITETTO,

                Plaintiff,

     v.

MS. GINNI ROMETTY,

                Defendant.

1:18-CV-922
(DNH/CFH)

---

**APPEARANCES:**

Marco Bitetto
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff pro se

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

**OF COUNSEL:**

### REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Dr. Marco Bitetto commenced this action with the filing of a complaint on August 6, 2018. Dkt No. 1. ("Compl"). In lieu of paying this Court's filing fee, plaintiff filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2. After reviewing plaintiff's IFP application, Dkt. No. 2, the undersigned determines that plaintiff qualifies to proceed IFP.[1]

### II. Legal Standards

---

[1] Plaintiff is advised that, despite being granted IFP status, she will still be required to pay any costs she incurs in this action, such as copying fees or witness fees.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

2

(3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In

3

such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Plaintiff's Complaint

Plaintiff's complaint is half of a page long, and the entirety of the complaint states the following:

> IBM sold the rights to the TrueNorth chip technology, a technology that was based upon my uniquely patented via a copyright based patent and Sold to Samsung Corporation. This patented technology was stolen by IBM (copyrighted patentable invention). As is stated in the federal law, a copyrighted U.S. patent is given the equivalent protection of a patent for the life of the inventor and ninety nine years. I would also appreciate it if you return my doctoral dissertation.

Compl. at 1. Attached to the complaint is what appears to be the cover page and abstract of a doctoral dissertation authored by plaintiff, dated 1994. Id. at 2-3. The civil cover sheet indicates that plaintiff considers the case to involve patent and" theft of a patented device" and demands "$110 Billion." Dkt. No. 1-1.

Plaintiff's complaint utterly fails to meet the standards of Fed. R. Civ. P. 8 and

4

10. Not only does plaintiff's complaint fail to set forth the claims or defenses in numbered paragraphs, as is required by the Federal Rules, it simply does not provide enough facts or explanation for this court to understand the basis of his claims. Although it is discernable from plaintiff's complaint that he is alleging that IBM stole a patent he had, there is essentially no other information. Plaintiff's complaint does not even mention the only named defendant – Ginni Rometty – or explain her involvement. Plaintiff's complaint does not provide a time-frame for the alleged theft of a patent such that the Court can assess any potential statute of limitations issues. As plaintiff's complaint is wholly lacking in facts, the undersigned cannot conclude that it has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

As this Court must provide special solicitude to pro se plaintiffs, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), and in light of the understanding that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir.1983), it is recommended that plaintiff be provided one opportunity to amend his complaint. Plaintiff is advised that, should the District Judge permit an amended complaint, the amended complaint will replaced and supercede the complaint in its entirety and, thus, must contain all of the facts, allegations, and parties plaintiff wishes to include.

## IV.  Conclusion

**WHEREFORE**, for the reasons set forth within this Report-Recommendation and Order, it is hereby

**ORDERED**, that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**[2]; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice**, providing plaintiff with one opportunity to amend; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order and permits plaintiff an opportunity to amend, plaintiff be given thirty (30) days from the District Judge's Order to file an amended complaint, and if plaintiff fails to file an amended complaint, the case will be dismissed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

---

[2]  Plaintiff is advised that, although his IFP application has been granted, he may still be required to pay any costs that may he may incur in this action, including copying fees.

6

Dated: August 8, 2018
 Albany, New York

*[signature: Christian F. Hummel]*
Christian F. Hummel
U.S. Magistrate Judge